812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve W. KNIGHT, Petitioner-Appellant,
v.
Arnold R. JAGO, Superintendent, Respondent-Appellee.
 No. 86-3373.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1987.
 
 Before ENGEL and JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the denial of his application for a writ of habeas corpus under 28 U.S.C. Sec. 2254 by the United States District Court for the Southern District of Ohio.
 
 
 2
 During his original prosecution, plaintiff agreed to plead guilty to a charge of aggravated robbery. On the day the trial was to begin, plaintiff's counsel told him that if he were to accept the prosecution's plea bargain and additionally plead guilty to one count of murder and one count of felonious assault, plaintiff would receive a sentence making him eligible for parole in nine years and six months. In reality, plaintiff, who chose to plead guilty to these additional charges, was not eligible for parole for twelve years and eight months. The previous guilty plea to aggravated robbery, combined with the best possible trial result of a conviction for voluntary manslaughter, would have produced a nine year parole eligibility date; had plaintiff gone to trial and lost on the murder and felonious assault charges, the eligibility date for parole would have been fifteen years hence. Plaintiff's counsel advised him to accept the plea bargain because even if he were found not guilty on those charges, plaintiff would only save six months compared to the plea bargain, whereas if he were found guilty, he would have to wait several more years before becoming eligible for parole, and the small potential gain failed to justify the risk of serving at least an additional five years in prison. The district court held that Knight had failed to satisfy either the deficient performance or prejudice requirements of a habeas corpus petition based on ineffective assistance of counsel, as set forth in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 3
 On appeal, Knight argues, first, that his Sixth Amendment and Fifth Amendment due process rights were violated when he was deceptively induced to plead guilty because of his counsel's objectively unreasonable advice concerning parole eligibility, and second, that the district court erroneously denied his request to call an expert witness at his evidentiary hearing.
 
 
 4
 For the reasons set forth by United States District Judge S. Arthur Spiegel in an order filed in the district court on March 27, 1986, the judgment of the district court is AFFIRMED, this court being particularly impressed with the finding of the magistrate and of Judge Spiegel that even had petitioner Knight been advised of what later developed to be the correct but longer period before parole could have been considered, the petitioner would nonetheless have proceeded with the plea bargain which was offered.
 
 
 
 *
 The Honorable Charles M. Allen, Senior Judge, United States District Court for the Western District of Kentucky, sitting by designation